RECEIVED
OCT 16 2017
DEBORAH S. HUNT, Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| **JOHN ANTHONY GENTRY,** ) | |
| ) | |
| Plaintiff – Appellant ) | |
| ) | |
| v. ) | |
| ) | **Appeal No. 17-6171** |
| **TENNESSEE BOARD OF** ) | |
| **JUDICIAL CONDUCT;** ) | **Originating Case** |
| **HONORABLE CHRIS CRAFT** and ) | **Case No. 3:17-cv-00020** |
| **TIMOTHY R. DICENZA,** ) | |
| individually and in their official ) | |
| capacities: **STATE OF** ) | |
| **TENNESSEE; PAMELA** ) | |
| **ANDERSON TAYLOR;** ) | |
| **BRENTON HALL LANKFORD;** ) | |
| **SARAH RICHTER PERKY** ) | |
| ) | |
| Defendants - Appellees ) | |

---

**NOTICE OF FILING: PLAINTIFF'S CERTIFICATION THAT NO TRANSCRIPT(S) WILL BE ORDERED AND STATEMENT OF ISSUES APPELLANT INTENDS TO PRESENT ON APPEAL**

---

Plaintiff-Appellant, MR. JOHN ANTHONRY GENTRY, hereby provides notice of filing of certification that no transcripts will be ordered and his statement of issues he intends to present on appeal. Pursuant to Federal Rules of Appellate Procedure, Rule 10(b)(1)(B) and 10(b)(3)(A), Appellant's certification that no

1

transcripts will be ordered and statement of issues he intends to present on appeal are filed timely.

Plaintiff filed his "NOTICE AND PLAINTIFF'S CERTIFICATION THAT NO TRANSCRIPT(S) WILL BE ORDERED", *Dist. Ct. Dkt 134*, in U.S. District Court, M.D. Tenn. on October 03, 2017, (*Attachment 1*).

Plaintiff filed his "STATEMENT OF ISSUES APPELLANT INTENDS TO PRESENT ON APPEAL", *Dist. Ct. Dkt 136*, in U.S. District Court, M.D. Tenn. on October 12, 2017, (*Attachment 2*).

Respectfully submitted,

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via email and via First Class US Mail, postage prepaid to;

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen.
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

On this the 12th day of October, 2017

_____
John Anthony Gentry, CPA

RECEIVED
OCT 16 2017
DEBORAH S. HUNT, Clerk

FILED
2017 OCT -3  AM 8: 03
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-00020 <br> Judge Aleta A. Trauger <br><br> JURY TRIAL DEMANDED(12) |

## NOTICE AND PLAINTIFF'S CERTIFICATION THAT NO TRANSCRIPT(S) WILL BE ORDERED

Pursuant to Fed. R. Civ. P. Rule 10 (b)(1)(B), Plaintiff/Appellant, John Anthony Gentry, gives notice and hereby certifies to all parties that no transcripts will be ordered. Since no hearings were properly conducted, and Plaintiff's motions for hearings and oral arguments were denied and because Plaintiff is not aware of any oral arguments or testimony heard in this matter, in the United States District Court, Middle District of Tennessee, transcripts in this matter do not exist. Accordingly, no transcripts will be ordered and Plaintiff hereby certifies no transcripts will be ordered.

Attachment 1

1

Respectfully submitted,

*/s/*

John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
John.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing NOTICE AND PLAINTIFF'S CERTIFICATION THAT NO TRANSCRIPT(S) WILL BE ORDERED was filed with the Court Clerk's Office personally, and will be filed electronically by the Court Clerk's Office, and notice served through the electronic filing system on this the 3RD day of October, 2017 to:

Lauren Paxton Roberts
Erika R. Barnes
Stites & Harbison
401 Commerce Street, Suite 800
Nashville, TN 37219
lauren.roberts@stites.com

William S. Walton
Butler Snow, LLP
The Pinnacle at Symphony Place
150 Third Avenue South
Nashville, TN 37201
bill.walton@butlersnow.com

Stephanie A. Bergmeyer
Office of the Atty. Gen. and Reporter
P.O. Box 20207
Nashville, TN 37202-0207
Stephanie.bertmeyer@ag.tn.gov

*/s/*

John Anthony Gentry, CPA

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# CIVIL RIGHTS DIVISION

| | |
|---|---|
| JOHN ANTHONY GENTRY, sui juris/pro se ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> THE STATE OF TENNESSEE; ) <br> PAMELA ANDERSON TAYLOR; ) <br> BRENTON HALL LANKFORD; ) <br> SARAH RICHTER PERKY; ) <br> UNNAMED LIABILITY INSURANCE ) <br> CARRIER(S); Et al ) <br> ) <br> Defendants ) | CASE NO. 3:17-00020 <br><br> JURY TRIAL DEMANDED(12) |

## STATEMENT OF ISSUES APPELLANT INTENDS TO PRESENT ON APPEAL

Pursuant to Fed. R. App. P. Rule 10(b)(3)(A), Plaintiff/Appellant hereby gives notice to all parties of the issues he intends to raise on appeal to the United States Court of Appeals For The Sixth Circuit, in the matter of Case No. 3:17-cv-00020.

1. Whether the Court erred in dismissing a case where the Plaintiff seeks reform and re-institution of fourteenth amendment rights back into state court proceedings and the state's constitution guarantees an undeniable and indefeasible right to seek reform in such manner as the people may think proper.

2. Whether a State relinquishes state sovereign immunity when the state government's conduct is contrary to federal and state constitutions and no longer republican in form or character.



1

3. Whether the court erred in determining suits against the state cannot be brought in federal court, unless a state's constitution expressly states that suits may be brought against the state in federal court, due to the fact this violates the fourteenth amendment due process clause.

4. Whether the court erred in determining the state has not waived immunity when in fact the state's constitution expressly waives immunity and the intent of the constitutional convention was clear in waiving immunity and the doctrine of non-resistance is "absurd".

5. Whether the court erred in asserting Tennessee's constitution should be compared to California's constitution when in fact Thomas Jefferson recognized Tennessee's constitution as the most "republican" of constitutions and the intent of the each state's constitutional conventions must be considered independently.

6. Whether the court erred in construing Plaintiff's constitutional challenge of the Tennessee Govt. and Tort Liability Act (TGTLA) as his assertion of waived sovereign immunity when in fact, Plaintiff challenges the TGTLA as unconstitutional due to the fact it provides false immunity for rights violations.

7. Whether the court erred in determining the TGTLA is irrelevant to the case when in fact, the TGTLA is the impetus and catalyst for rampant rights violations that occur in state court proceedings.

8. Whether the court erred in not recognizing that a suit against the state brought in state court, with the state as defendant and judge presents a clear conflict of interest and violates the due process clause of the fourteenth amendment.

9. Whether a state can elect to be "selectively sovereign" in types of suits and venue of suits brought against the state.

10. Whether the court erred in not addressing unconstitutional state laws.

11. Whether the court erred in dismissing a suit against a state where the Plaintiff is seeking injunctive and declaratory relief and enforcement of constitutional provisions.

12. Whether the court erred in dismissing a case under the doctrine of res judicata when final judgements had not yet been rendered.

13. Whether the court erred in applying Tennessee law to res judicata when US Supreme Court Opinion states the same set of facts can be applied to multiple causes of action in both state and federal courts while previously asserting U.S. Dist. Ct. M.D. Tenn. is not beholding to other circuit opinion.

14. Whether the court erred in denying leave to amend when justice so required.

15. Whether the court erred in denying amended complaint as a matter of course pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1)(B)

16. Whether the court erred in determining allegations are conclusory when in fact the court was presented with undisputed evidence proving his allegations.

17. Whether the court erred in not addressing the argument that litigation privilege is not a defense for federal crimes or rights violations.

18. Whether the court erred in abrogating its jurisdiction under the Rooker-Feldman Doctrine when the Sixth Circuit has already ruled Rooker-Feldman was inapplicable to the same set of facts presented in U.S. Dist. Ct. M.D. Tenn. Case No. 3:16-cv-02617.

19. Whether the court erred in abrogating its jurisdiction under the Rooker-Feldman Doctrine in a case where the Plaintiff does not challenge state court judgements but complains of federal crimes and rights deprivations.

20. Whether the court's application of Rooker-Feldman makes 42 USC §1983 – 1986 unenforceable under any set of facts or allegations occurring in state court proceedings.

21. Whether the court's application of Rooker-Feldman in this case is a circumvention of congress's intent of enacting 42 USC.

22. Whether the court erred in not recognizing undisputed and evidenced facts included in Plaintiff's complaint and subsequent pleadings.

23. Whether the court erred in denying a pro se litigant evidentiary hearing.

24. Whether the court erred in refusing to stay state court proceedings.

25. Whether the court erred in denying TRO to prevent a federal crime in progress.

26. Whether the court erred in in denying an innocuous TRO to prevent destruction of evidence.

27. Whether the court erred in staying discovery.

28. Whether the magistrate judge erred in denying motion to recuse/disqualify.

29. Whether the magistrate's conduct was impeachable in nature and/or in violation of the Code of Conduct for Federal Judges.

30. Whether the District Court Judge withdrew referral of the case to the magistrate judge to avoid ruling on the magistrate's conduct and whether or not the magistrate should have disqualified.

31. Whether the court erred in exempting the case from Customized Case Management pursuant to a local rule that is discriminatory and unconstitutional.

32. Whether the court's discriminatory and inconsistent practice of providing notice to pro se litigants via first class mail is unconstitutional and in violation of the Code of Conduct for Federal Judges.

33. Whether ordering notice by first class mail "only" was discriminatory and whether notice by first class mail is used as a means to wrongfully dismiss pro se cases.

34. Whether the court erred in finding Defendant SARAH RICHER PERKY did not act under color of law, due to the fact she was involved in a conspiracy with a state court judge evidenced by undisputed facts.

35. Whether the court erred in determining racial or class based animus is necessary to bring suit under 42 USC § 1985.

36. Whether the court erred determining an unconstitutional statute of limitations set forth in Tenn. Code Ann. § 28-3-104 is applicable to a 42 USC complaint or any other complaint.

37. Whether the court erred in determining Plaintiff's challenge of TCA § 28-3-104 is without merit when in fact the statute is clearly unconstitutional and in violation of the equal protection and due process clauses of the fourteenth amendment.

38. Whether the court erred in determining 18 USC violations are not actionable in civil suit when in fact 18 USC § 1964 expressly provides civil remedy for RICO violations stated in 18 USC 1961 occurring alongside prohibited activities in 18 USC §1962 which are all facts evidenced in the record.

39. Whether the court erred in ignoring or not recognizing the fact that Defendant SARAH RICHTER PERKY made an intentionally false statement evidencing her conspiracy to deprive Plaintiff of his right of due process and to deprive him of his property.

40. Whether the court erred in not finding a plausible RICO claim against all Defendants.

41. Whether the court erred in not recognizing Plaintiff's allegations stated showing a valid RICO allegation under 18 USC § 1962(a), (b) and (c). Specifically, the court did not address Plaintiff's allegations stated pursuant to **18 USC § 1962(c)**. Second Amended Complaint ¶¶ 35 – 39.

42. Whether the court erred in dismissing Plaintiff's compliant in entirety despite multiple obvious causes of action, including equal protection violations, due process violations, federal crimes listed in 18 USC §1961, and federal law violations under 42 USC.

Respectfully submitted,

s/ John Anthony Gentry
John A Gentry, CPA, Pro Se
208 Navajo Court,
Goodlettsville, TN 37072
(615) 351-2649
john.a.gentry@comcast.net

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of STATEMENT OF ISSUES APPELLANT INTENDS TO PRESENT ON APPEAL was filed electronically, and notice served through the electronic filing system on this the 12TH day of October 2017 to:

Lauren Paxton Roberts  
Erika R. Barnes  
Stites & Harbison  
401 Commerce Street, Suite 800  
Nashville, TN 37219  
lauren.roberts@stites.com

William S. Walton  
Butler Snow, LLP  
The Pinnacle at Symphony Place  
150 Third Avenue South  
Nashville, TN 37201  
bill.walton@butlersnow.com

Stephanie A. Bergmeyer  
Office of the Atty. Gen. and Reporter  
P.O. Box 20207  
Nashville, TN 37202-0207  
Stephanie.bertmeyer@ag.tn.gov

s/ John Anthony Gentry<br>
John Anthony Gentry, CPA

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

# PRIORITY MAIL ★

PRIORITY MAIL POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL



FROM:
John A. Gentry
208 Navajo Ct
Goodlettsville TN 37072

TO:
US Ct. of Appeals
Sixth Cir.
100 East Fifth St
Room 540
Cincinnati, OH
45202-3988

Case No. 17-6171

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*

Retail

US POSTAGE PAID
$6.65

1006

PRIORITY MAIL 2-Day® C023

Expected Delivery Day: 10/14/2017

USPS TRACKING NUMBER

9505 5139 5891 7285 1131 71

Origin: 37203
Destination: 45202
0 Lb 4.20 Oz
Oct 12, 17
4761610213-15

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®

